**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**CEDAR RAPIDS DIVISION**

| | |
|---|---|
| JOSE MARIA CATANO FIGUEROA,<br><br>Petitioner,<br><br>vs.<br><br>DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>Respondents. | No. C25-0141-LTS<br><br>**ORDER** |

| | |
|---|---|
| RODOLFO GONZALEZ PENA,<br><br>Petitioner,<br><br>vs.<br><br>DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>Respondents. | No. C25-0145-LTS<br><br>**ORDER** |

These two cases are before me on motions (C25-0141-LTS, Doc. 6; C25-0145-LTS, Doc. 6) to dismiss filed by the respondents.

Both of these cases involve identical writs of mandamus filed by petitioners. Petitioners are inmates incarcerated pursuant to judgments of Iowa state courts. As I explained in my prior initial review order (*see, e.g.*, C25-145-LTS, Doc. 2), petitioners allege that they are "subject to an immigration detainer and, pursuant to a recent executive order, the respondents are compelled to expedite [their] removal." A motion to dismiss

an identical petition for writ of mandamus was recently ruled on by my colleague, Chief Judge C.J. Williams. In that order, he stated:

> Plaintiff's claim here fails for two reasons. First, plaintiff is unable to leave the United States to voluntarily return to Mexico because of his life sentence on his state court conviction. For that reason, what plaintiff is really attacking is that state court sentence. His immigration detainer will only attach once he has served his entire state court sentence. *Orellana v. Nobles Cnty.*, 230 F. Supp. 934, 943 (D. Minn. 2017) (finding that an inmate is only released to ICE once they have satisfied the release conditions on their state court sentence). The Court cannot issue a writ of mandamus to allow plaintiff to challenge the validity of his state sentence as the proper venue for that challenge is an application for PCR.[] The same is true of his claim that he is being held without due process. Thus, plaintiff fails to meet the third required element for a writ of mandamus, that he has no other adequate remedy.
>
> Second, as defendants argue, plaintiff has failed to establish a clear and indisputable right to the relief sought, and thus he also fails to meet the first required element. (Doc. 5-1, at 3–4). As stated by another court:
>
>> [p]etitioner asserts that he is entitled to relief under the Executive Order; however, that order neither grants [p]etitioner a right to relief (deportation or removal) nor imposes upon any of the [r]espondents an obligation to investigate [p]etitioner's immigration status and compel commencement of removal proceedings in the event [p]etitioner is deportable. Instead, the order merely directs [r]espondents to provide for "the efficient and expedited removal of aliens from the United States." This language implicates the quintessential discretionary functions of those executive agencies charged with investigating and enforcing the laws of the United States -- a court may not properly issue a writ of mandamus to compel the exercise of such discretionary duties. *See Heckler v. Chaney*, 470 U.S. 821, 831 (1985) (noting that the United States Supreme Court "has recognized on several occasions over many years that an agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion.") (collecting cases).

> *Hurtadodominguez v. United States*, No. 1:25-CV-00434-CDB (HC), 2025 WL 1150955, at *2 (E.D. Cal. Apr. 18, 2025), *report and recommendation adopted*, No. 1:25-CV-00434-JLT-CDB (HC), 2025 WL 1400194 (E.D. Cal. May 14, 2025). Plaintiff relies on the same executive order as in *Hurtadodominguez*, so the analysis is the same. See Exec. Order 14159, § 23(c) ("This order is not intended to, and does not, create any right or benefit, substantive or procedural, enforceable at law or in equity by any party against the United States, its departments, agencies, or entities, its officers, employees, or agents, or any other person."). And, even if the order said what plaintiff alleges it says, he does not have a right to leave the country to avoid serving his life sentence in state prison. *See Gonzalez v. U. S. Immigr. & Naturalization Servs.*, 867 F.2d 1108, 1110 (8th Cir. 1989) (finding no private right to an expeditious deportation proceeding by a state court inmate still serving his sentence and thus that a writ of mandamus was not available); *Herbage v. Carlson*, No. 92-1920, 1992 WL 323466, at *1 (8th Cir. Nov. 6, 1992) (per curiam) (summarily affirming the denial a "petition for a writ of habeas corpus seeking an immediate deportation hearing" and citing to *Herbage*). Further, as noted above, the two documents cited by plaintiff—the executive order and the memo—do not create such a right. Therefore, the Court declines to exercise its discretion to issue a writ of mandamus as it finds plaintiff has failed to demonstrate the required elements and this is not an extraordinary circumstance that merits one.

*Ledesma v. Dep't of Homeland Sec., Immigr. & Customs Enf't*, No. 25-CV-129-CJW-MAR, 2025 WL 3657214, at *3 (N.D. Iowa Dec. 17, 2025).

The nearly identical motions (C25-0141-LTS, Doc. 6; C25-0145-LTS, Doc. 6) to dismiss in these cases are **granted** for the same reasons articulated by Chief Judge Williams: petitioners cannot challenge the validity of their state sentences through a writ of mandamus and, even if they could, they have no right to relief under the cited executive order. Thus, their writs are **dismissed**.[1]

[1] As noted above, petitioner's claims could possibly be construed as challenges to their convictions that would need to be brought in a post-conviction relief action. To the extent, then, that their claims could be construed as requesting some type of habeas relief, I decline to grant petitioners a certificate of appealability. *See United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005) (stating, "[a] certificate of appealability is required to appeal the denial of any motion

**IT IS SO ORDERED** this 13th day of January, 2026.

Leonard T. Strand
United States District Judge

that effectively or ultimately seeks habeas corpus or § 2255 relief."); *see also* 28, U.S.C. § 2253(c)(2); *Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997).